# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KERRY LORENZO FISHER, JR.,** *et al.*, | : | **CIVIL ACTION** |
| *Plaintiffs* | : | |
| | : | |
| **v.** | : | **NO. 26-CV-1489** |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.*, | : | |
| *Defendants* | : | |

## M E M O R A N D U M

NITZA I. QUIÑONES ALEJANDRO, J.                                    JULY 23, 2026

On March 8, 2026, Kerry Lorenzo Fisher, Jr. and his mother and power of attorney, Carmencita Pedro, filed a voluminous Complaint against thirty-four Defendants — including the City of Philadelphia, City departments and officials, property companies, lawyers, doctors, and social workers. (ECF No. 1 at 2-4.) The gist of the Complaint is that the Defendants failed to secure subsidized housing for Fisher, who suffers from psychiatric conditions and chronic homelessness. After being given two extensions, Fisher and Pedro filed motions to proceed *in forma pauperis* two months after submitting their Complaint to the Court. (*See* ECF Nos. 4-10.) At the same time, they submitted a notice informing the Court of their intent to file an amended complaint by the end of May. (ECF No. 11.) In a May 6, 2026 Order, the Court granted Fisher and Pedro leave to proceed *in forma pauperis* and informed them that if they did not file an amended complaint by June 1, 2026, the Court would act on their initial Complaint. (ECF No. 12.) Plaintiffs were given two extensions, and despite being told no further extensions would be granted, they moved for another extension. (ECF Nos. 13-20.) Since no amended complaint has been filed, the Court will screen the initial Complaint and dismiss it for the reasons set forth.

However, Plaintiffs will be given leave to file an amended complaint in the event they can cure the procedural and substantive issues with their filing, as explained below.

## I.     FACTUAL ALLEGATIONS[1]

The Complaint does not articulate a factual narrative.  To the contrary, the factual basis for Plaintiffs' claims is set forth in 178 pages of emails covering the period from October 2023 through March 2024, among Pedro (on behalf of Fisher) and employees of the City and other organizations addressing housing insecurity and attempts to assist Pedro and Fisher in an effort to secure housing for Fisher so he could be discharged from in-patient psychiatric housing.  (Compl. at 8-186.)  The emails also reflect Pedro's dissatisfaction with some of the care Fisher received for his psychiatric illness.  (*See, e.g.*, 49-51.)  The emails further reflect City officials working with Pedro to secure housing for Fisher, since his "desired discharge plan [wasn't] Medicaid reimbursable." (*Id.* at 20-23.)

Donna Bailey, the Interim Chief Executive Officer for Community Behavioral Health with whom Pedro was primarily communicating, worked with partners in the system to identify a housing opportunity for Fisher on South 48th Street, through 1260 Housing Development Corporation for which "30% of household income would be required toward the monthly rent" with the balance to "be subsidized through the city." (*Id.* at 46.)  After Pedro toured the property and discussed the matter with Fisher, they were "excited" about the opportunity and agreed to move forward. (*Id.* at 59-60.)  However, when Fisher later visited the property, it became apparent that he would have difficulty using the toilet at the unit because he is tall and the toilet was located close to the bathtub, leaving only a small amount of room for his legs. (*Id.* at 84.)  Ultimately,

---

[1]     The factual allegations set forth in this Memorandum are taken from the Complaint (ECF No. 1).

those involved were unable to identify a mutually acceptable solution. (*See, e.g.*, 92, 97, 106.) Three other properties were offered to Pedro and Fisher as possible alternatives, (*id.* at 115), which Pedro rejected because of distance and concerns about gun violence, (*id.* at 116-18). Thereafter, the situation deteriorated following Pedro's emails demanding that the individuals who had been involved in helping her answer various interrogatories. (*Id.* at 125-61.)

The Complaint cites numerous statutes and regulations that Plaintiffs believe are implicated in this case. (*Id.* 5-8.) In particular, they bring claims pursuant to 42 U.S.C. § 1983 for violation of their First Amendment and due process rights, statutes and regulations governing Medicaid, the Affordable Care Act, Title VI, the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, the Fair Housing Act, and assorted provisions of Pennsylvania law. (*Id.*) They seek monetary and injunctive relief. (*Id.* at 187.)

## II.    STANDARD OF REVIEW

When a plaintiff proceeds *in forma pauperis*, as here, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires dismissal if the complaint fails to state a claim. The court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

3

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant also "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245). This includes compliance with Federal Rule of Civil Procedure 8, which requires that the pleading contain a "short and plain statement showing that the pleader is entitled to relief," accompanied by a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Together, Rules 8(a) and 8(d)(1), should be construed to "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). In meeting Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citation omitted). "Naturally, a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (quoting *Schaedler v. Reading Eagle Publication, Inc.*, 370 F.2d 795, 799 (3d Cir. 1967)) (additional citation omitted). The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94 (citations omitted).

## III.    DISCUSSION

Here, the Complaint does not comply with Rule 8(d)(1)'s "simple, concise, and direct" requirement or Rule 8(a)'s "short and plain statement" requirement. While *pro se* pleadings are

generally afforded leniency and liberal construction, there are limits to a Court's flexibility. District Courts are permitted discretion to dismiss "excessively prolix and overlong complaint[s]," *see Garrett*, 938 F.3d at 93, particularly because they place an 'unjustified burden on the court and the party who must respond to" them, *see Kamdem-Ouaffo v. Huczko*, 810 F. App'x 82, 84 (3d Cir. 2020) (*per curiam*).   Additionally, a plaintiff may not rely solely on exhibits to plead a plausible claim.  *See Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint." (citations and quotations omitted)); *Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").   Rather, to comply with Rule 8, a plaintiff must clearly state facts that show a plausible entitlement to relief under the law.  *See Bressi v. Northumberland Cnty., Child. & Youth Servs.*, No. 23-2156, 2023 WL 8866573, at *2 (3d Cir. Dec. 22, 2023) ("[A] District Court is not obligated to discern claims from exhibits attached to a complaint."); *Cf. DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.").

Plaintiffs have not complied with these pleading requirements.  Instead, they rely solely on voluminous emails to set forth their claims, rather than clearly and briefly describing and summarizing in narrative form what each party did that harmed them and gave rise to a cause of

action.  The reliance on over a hundred pages of emails to state a claim is even more problematic given the large number of Defendants sued and the long list of claims Plaintiffs purport to bring. No defendant, or the Court for that matter, confronted with a list of claims and 178 pages of emails could be expected to determine which and what claims are alleged against what defendants.  For these reasons, the Complaint does not comply with Rule 8 and will be dismissed on that basis.  *See Huczko*, 810 F. App'x at 83-84  (affirming dismissal of second amended complaint under Rule 8 where it "spanned over 800 numbered paragraphs," contained "an inauspicious seven-page table of contents," and continued to suffer from redundancy and other deficiencies); *Ouaziz v. City of Jersey City*, No. 22-3385, 2023 WL 7001846, at *3 (3d Cir. Oct. 24, 2023) (affirming dismissal of complaint that was 108 pages and 620 separately-numbered paragraphs that were "unnecessarily complicated and verbose" because it violated Rule 8(d)(1) in that it "fail[ed] to provide a clear narrative of either the factual or legal basis for Plaintiff's claims"); *Brejcak v. County of Bucks*, No. 03-4688, 2004 WL 377675, at *3 (E.D. Pa. Jan. 28, 2004) ("While there is no precise algorithm that answers at what length a complaint becomes objectionable, it is reasonable to conclude that 216 separate paragraphs are excessive under notice pleading, which the Federal Rules require.").

The Court will permit Plaintiffs to file an amended complaint that complies with Rule 8. Although the Court will not address every claim or substantive defect given the procedural issues with the Complaint, additional legal defects are noted below to guide Plaintiffs in any amended complaint they might file.  Initially, there are several legal provisions referred to in the Complaint pursuant to which Plaintiffs appear to be bringing a cause of action that do not, in fact, provide for a civil claim.  There is no private right of action under HIPAA.  *See Petoff v. Delmonico*, No. 24-2933, 2025 WL 2986371, at *2 (3d Cir. Oct. 23, 2025) (*per curiam*) ("HIPAA does not provide a private right of action." (citing *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021) (noting that

6

"[e]very circuit to consider whether HIPAA created a private *right* to sue has found that it does not," and citing cases from the Second, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits (emphasis in original))).  Nor is there a private cause of action based on a State's failure to comply with Medicaid requirements.  *See Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 369 (2025) ("Though it is rare enough for any statute to confer an enforceable right, spending-power statutes like Medicaid are especially unlikely to do so."); *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 332 (2015) ("[T]he modern jurisprudence permitting intended beneficiaries to sue does not generally apply to contracts between a private party and the government—much less to contracts between two governments." (citations omitted)).  Further, there is no private right of action for damage claims asserted under the Pennsylvania Constitution.  *See Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011); *see also Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (*per curiam*) ("Pennsylvania does not have a statutory equivalent to § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution.").

Additionally, to the extent the Complaint invokes anti-discrimination statutes, some of them — such as Title IX prohibiting discrimination in education and those prohibiting age discrimination — seem entirely inapplicable to this housing dispute.  To the extent Plaintiffs are claiming discrimination based on race or disability under assorted statutes, it is not apparent how the events described in the emails amounted to impermissible discrimination based on either of these protected characteristics.  *See generally Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (to survive a motion to dismiss, the complaint must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element," *i.e.*, impermissible discrimination).  It is also not apparent why Plaintiffs believe their First Amendment

rights were violated and on what basis they claim to have been denied due process when their own exhibits show that the City's procedures were open to them.  In sum, the merits of Plaintiffs' claims are also unclear and undeveloped, which provides another basis for dismissal.

## IV.    CONCLUSION

For the foregoing reasons, the Complaint is dismissed.  However, Fisher and Pedro will be granted leave to file a more concise, narrower amended complaint that does not rely on inapplicable legal provisions and that clearly articulates any factual basis they have for a claim. An appropriate Order containing more information about amendment follows.  Plaintiffs' pending motions for additional time to file an amended complaint are granted consistent with this Memorandum and the Court's subsequent Order.

*NITZA I. QUIÑONES ALEJANDRO, J.*