**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KERRY LORENZO FISHER, JR., *et al.*,**<br>*Plaintiffs* | : | **CIVIL ACTION** |
| **v.** | : | **NO. 26-CV-1489** |
| **CITY OF PHILADELPHIA, et al.,**<br>*Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J. SEPTEMBER 21, 2026

Plaintiffs Kerry Lorenzo Fisher, Jr. and his mother and power of attorney, Carmencita Pedro, have sued over one-hundred Defendants — local and state governmental entities, departments and officials, property companies, mental health providers, lawyers, doctors, social workers, and others — based on their dissatisfaction with their experiences seeking government-funded health care and subsidized housing for Fisher, who suffers from psychiatric conditions and chronic homelessness. For the reasons set forth, the Amended Complaint is dismissed.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

Plaintiffs' initial Complaint was voluminous. It named thirty-four Defendants and purported to raise housing discrimination and other claims based on 178 pages of emails generated from October 2023 through March 2024, between Pedro (on behalf of Fisher) and employees of the City of Philadelphia and others who were attempting to assist Pedro in an effort to secure subsidized housing for Fisher so he could be discharged from in-patient psychiatric housing. (Compl. at 8-186.) The emails revealed that City employees and others worked with Plaintiffs over several months to find a suitable apartment for Fisher and that, when a preferred housing

[1] The factual allegations set forth in this Memorandum are taken from the Amended Complaint, related exhibits and filings, and the public docket for this case.

opportunity did not work out because the location of the toilet was difficult for Fisher to access due to his height, Plaintiffs refused to consider other alternatives and, instead, sent "emails demanding that the individuals who had been involved in helping [them] answer various interrogatories." *Fisher v. City of Philadelphia*, No. 26-1489, 2026 WL 2125231, at *1 (E.D. Pa. July 23, 2026).

After being directed to either pay the fees to proceed with their case or seek leave to proceed *in forma pauperis*, and then being given two extensions, Plaintiffs filed motions to proceed *in forma pauperis* two months after submitting their Complaint to the Court.[2] (*See* ECF Nos. 4-10.) At the same time, they submitted a notice informing the Court of their intent to file an amended complaint by the end of May. (ECF No. 11.) The Court issued an order granting Plaintiffs leave to proceed *in forma pauperis* and directing them to file their amended complaint by June 1, 2026, and then granted two extensions for them to comply. (*See* ECF Nos. 12-19.)

Since Plaintiffs did not file an amended complaint, the Court screened their initial Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), as it informed Plaintiffs it would do if they did not submit an amended complaint. (*See* ECF No. 12; *see also* ECF No. 17 (stating that "[n]o further extensions will be granted").) The Court identified an overarching defect in the Complaint, specifically, that it did not comply with Federal Rule of Civil Procedure 8's requirements that a pleading contain a "short and plain statement showing that the pleader is entitled to relief," and that each averment supporting the claims must be "simple, concise, and direct." *Fisher*, 2026 WL 2125231, at *2. The Court explained that:

> Plaintiffs have not complied with these pleading requirements. Instead, they rely solely on voluminous emails to set forth their claims, rather than clearly and briefly

---

[2] Plaintiffs are regular filers in this Court so they should have known about the filing requirements when they submitted their Complaint. *See, e.g. Pedro v. Hilton Worldwide, Inc.*, No. 24-5725, 2025 WL 220023, at *1 (E.D. Pa. Jan. 16, 2025); *see also Pedro v. Merakey*, No. 24-6477 (E.D. Pa.); *Pedro v. U.S. Equal Employment Opportunity Comm'n*, No. 21-1462 (E.D. Pa.).

> describing and summarizing in narrative form what each party did that harmed them and gave rise to a cause of action. The reliance on over a hundred pages of emails to state a claim is even more problematic given the large number of Defendants sued and the long list of claims Plaintiffs purport to bring. No defendant nor the Court for that matter, confronted with a list of claims and 178 pages of emails could be expected to determine which and what claims are alleged against what defendants. For these reasons, the Complaint does not comply with Rule 8 and will be dismissed on that basis.

*Id.* at *3.

"Although the Court [could] not address every claim or substantive defect given the procedural issues with the Complaint, [it noted] additional legal defects . . . to guide Plaintiffs in any amended complaint they might file." *Id.* First, the Court observed that "several legal provisions referred to in the Complaint pursuant to which Plaintiffs appear to be bringing a cause of action . . . do not, in fact, provide for a civil claim," specifically, HIPAA, Medicaid requirements, and the Pennsylvania Constitution. *Id.* Second, the Court explained that Plaintiffs invoked antidiscrimination statutes that appeared irrelevant (such as Title IX) and that their claims of race and disability discrimination were not supported by the emails upon which they relied. *Id.* Third, it was "also not apparent why Plaintiffs believe[d] their First Amendment rights were violated and on what basis they claim[ed] to have been denied due process when their own exhibits show[ed] that the City's procedures were open to them." *Id.* In sum, the Court found that the merit of Plaintiff's claims were "unclear and undeveloped, which provide[d] another basis for dismissal." *Id.*

Plaintiffs were given ample opportunity "to file a more concise, narrower amended complaint that does not rely on inapplicable legal provisions and that clearly articulates any factual basis they have for a claim." *Id.* at *4. After being granted an extension,[3] Plaintiffs filed their

[3] Plaintiffs filed a second extension, (ECF No. 25), which the Court will grant to accept their belatedly filed complaint.

Amended Complaint along with voluminous attachments, an "Additional Amended Complaint" with attachments, a "Praecipe to Attach," a "Praecipe to Supplement & Attach Documents to Our Amended Complaint" with attached exhibits, and a "Praecipe to Supplement and Attach Table of Contents 2026 Court filings to Amended Complaint." (ECF Nos. 26-30.) The Amended Complaint and initial exhibits total 3,400 pages. The additional filings add another 735 pages, although the first "Praecipe" is a "resubmission" of pages 1801 through 2000 of the Amended Complaint, (ECF No. 28 at 1), and the second is an amended caption and description of Defendants (ECF No. 29). The Court understands Plaintiffs to have submitted these *praecipes t*o replace the original pieces of the Amended Complaint with which they correspond.

The amended caption and description of Defendants — which itself spans twenty pages — lists 153 Defendants, including the City of Philadelphia, the current and former Mayors of Philadelphia and City employees, the Commonwealth of Pennsylvania, the current and former Governors of Pennsylvania and Commonwealth employees, state and City departments that provide mental health and/or housing services and entities that contract with them or otherwise provide those services, the School District of Philadelphia, social workers, doctors, lawyers, and seemingly anyone who may have interacted with Pedro and Fisher in attempting to address Fisher's mental health and housing needs or who handled their appeals and complaints when they invoked administrative procedures or complained about the quality of services they were receiving. (*See id.*) Plaintiffs describe their case as a "civil rights cause of action"; they list several pages of federal and state laws and regulations and other legal provisions that they appear to believe have been violated in their interactions with the Defendants. (ECF No. 26 at 6-10.) Their Amended Complaint is predicated on voluminous exhibits including, but not limited to:[4]

[4] Given the volume of exhibits and duplication of content in many of the exhibits, not every exhibit is discussed nor is every exhibit falling within a given category cited above.

1. Powers of attorney that Pedro holds for Fisher, (ECF No. 26. at 13-73) — which she claims the Defendants are failing to honor (*see, e.g.*, *id.* at 74).
2. Executive orders and policy documents signed by the Governor and the current and former Mayors of Philadelphia or their designees that direct functioning of government and, among other things, declare Philadelphia a "sanctuary city." (ECF No. 26 at 78-88.)
3. Excerpts from articles about state and local government, including those about staff appointed to or resigning from Mayor Parker's administration.[5] (ECF No. 26. at 89-90, 99-120, 161-89, 194-200; ECF No. 26-1 at 1-14, 27-37, 123-28; ECF No. 26-6 at 1-4.)
4. Evidence of lawsuits Plaintiffs filed against the Commonwealth and others in March. 2023 and in 2025 (ECF No. 26 at 92-94, 98).
5. Excerpts from Medicaid regulations. (ECF No. 26-1 at 39-57).
6. Documents relating to Community Behavioral Health ("CBH")—which provides mental health services, and which Plaintiffs accuse of being a "Medicaid monopoly and cash cow for the Commonwealth and the City"[6] (ECF No. 26-1 at 121 (emphasis omitted))—and other health providers, including documentation related to services they billed to Medicaid for Fisher's treatment. (*See id.* at 128-200; ECF No. 26-1 at 1-10; ECF No. 26-14 at 1-26, 29-124).

---

[5] Some of the articles and documents have no apparent relevance to Plaintiffs circumstances. For instance, they include a press release issued by the United States Attorney's Office for the Southern District of New York about a prosecution of former Mayor Eric Adams (*see* ECF No. 26 at 160), and a press release issued by the United States Department of Justice about an investigation into the Philadelphia Police Department's "allegedly unconstitutional permit revocation practices" (*id.* at 190) and Philadelphia's "mask ban and identification requirements" for federal officers, (ECF No. 26-1 at 25).

[6] Plaintiffs repeatedly claim that a "federal takeover of CBH is medically necessary and urgently warranted." (*See e.g.*, ECF No. 26-1 at 128 (emphasis omitted).)

7. Hundreds of pages of exhibits related to their disputes, hearings and lawsuits about Medicaid coverage.[7] (ECF No. 26-2 at 16-200; ECF No. 26-3 at 1-200; ECF No. 26-4 at 1-200; ECF No. 26-15 at 39-43.)
8. Documents and emails (some duplicative) relating to Plaintiffs' efforts to secure subsidized transitional housing for Fisher so he could be discharged from in-patient housing, some of which were at issue in the initial Complaint, including emails complaining about that process and demanding accommodations. (ECF No. 26-4 at 66-200; ECF No. 26-5 at 1-200; ECF No. 26-6 at 7-29, 35-200; ECF No. 26-7 at 3-177, 193-96; ECF No. 28-1 at 3-6.)
9. Documents pertaining to Pedro's challenges to the City's valuation of her property and application of the Homestead exemption to her property taxes. (ECF No. 27-1 at 2-91.)

Among other things, Plaintiffs claim discrimination "based on their protected characteristics" (ECF No. 26 at 74-76), that they were retaliated against for advocating and exercising rights, (*id.*), and that various entities fraudulently billed Medicaid for services allegedly provided to Fisher, (*see, e.g.*, ECF No. 26 at 144-50; ECF No. 26-1 at 15-16). Plaintiffs complain of "leadership failures" at local and state levels of government that are "irrefutably evidenced in the public domain," (ECF No. 26-1 at 18; *see also* ECF No. 26-2 at 11-14), and claim they have been deprived "of access to Medicaid-funded, medically necessary healthcare," as well as the right to "freely complain" and appeal adverse determinations about those services, (ECF No. 26-2 at 20). They seek "judicial intervention, judicial investigation, corrective action, injunctive relief, declaratory

---

[7] Based on these exhibits, they appear to assert claims based on the administrative process governing their efforts to secure mental health care and appeal denials of Medicaid-funded services for Fisher going back to at least 2022, and complaints they filed with the Commonwealth about the system, based upon which they ask the Court to "strike down" Commonwealth statutes implementing Medicaid. (ECF No. 26-2 at 16.)

judgment, compensatory and punitive money damages" and any other proper relief. (ECF No. 27-2 at 155.)

## II. STANDARD OF REVIEW

Since Plaintiffs are proceeding *in forma pauperis*, their Amended Complaint is subject to screening and may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), if it fails to state a claim. The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245).

This includes compliance with Federal Rule of Civil Procedure 8, which requires that the pleading contain a "short and plain statement showing that the pleader is entitled to relief," accompanied by a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Together, Rules 8(a) and 8(d)(1), should be construed to "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). In meeting Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (citation modified). The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94 (citations omitted).

## III. DISCUSSION

Plaintiffs' Amended Complaint must be dismissed because it does not comply with Rule 8. As discussed above, the Court informed Plaintiffs that they may not plead their case by making generalized allegations supported by reference to voluminous exhibits. *See Fisher*, 2026 WL 2125231, at *2-3. The Court explained that it has discretion to dismiss "excessively prolix and overlong complaint[s]," *see Garrett*, 938 F.3d at 93, because they place an 'unjustified burden on the court and the party who must respond to" them, *see Kamdem-Ouaffo v. Huczko*, 810 F. App'x 82, 84 (3d Cir. 2020) (*per curiam*), and that a plaintiff may not predominately rely on exhibits to plead a plausible claim, *see Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint. Judges are not like pigs, hunting for truffles buried in the record." (citations and quotations omitted)). Rather, to comply with Rule 8, a plaintiff must clearly state facts that show a plausible entitlement to relief

under the law. *See Bressi v. Northumberland Cnty., Child. & Youth Servs.*, No. 23-2156, 2023 WL 8866573, at *2 (3d Cir. Dec. 22, 2023) ("[A] District Court is not obligated to discern claims from exhibits attached to a complaint."); *Cf. DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.").

Despite having been expressly informed of the need to plead their claims clearly and briefly without relying on voluminous exhibits and having been given an opportunity to file a concise pleading that did not include legally baseless claims, Plaintiffs Amended Complaint is more problematic than their initial pleading. The pleading is thousands of pages long, difficult to follow, and peppered with accusatory language that essentially amounts to name-calling. (*See, e.g.*, ECF No. 26 at 96 (alleging that the Governor engaged in "'**SCANDALOUS' AND 'DISCRACEFUL' MISCONDUCT**" and "**UNCONSCIONABLE AND REPREHENSIBLE BEHAVIORS**"); *id.* at 97 & 111 (accusing the Governor and others of "**MEDICAL RACISM**"); *id.* at 127-30 (calling the Mayor of Philadelphia dangerous and accusing her of running a plantation and accusing those who work for or with her as being involved in an administration of death and fraud); ECF No. 29-3 at 1 (describing Community Behavioral Health as the "toxic, dangerous Community Behavioral Health Plantation and Criminal Enterprise of Medicaid fraud, waste, abuse & public corruption" (emphasis omitted)); ECF No. 26-12 at 9 (accusing certain Defendants from an inpatient mental health facility where Fisher resided of being "liars, schemers, tricksters, fraudsters and scam artists" because they represented that they could not sent a medical record file via email due to its size (capitalization omitted)).)

To the extent it can be understood at all, the Amended Complaint appears to essentially allege that the state and local governments are corrupt and/or not well run based on Plaintiffs'

experience with the process in seeking mental health care and/or housing for Fisher. But general dissatisfaction with the government or government services does not equate to a civil rights claim. *See Khan v. Dep't of Pub. Welfare,* No. 12-4289, 2012 WL 4355490, at *2 (E.D. Pa. Sept. 24, 2012) ("The mere fact that plaintiff was treated unfairly or did not receive benefits or aid to which he believes he was entitled does not give rise to a federal lawsuit."). Simply characterizing these events as discrimination, retaliation or a due process violation does not alter that conclusion.[8] For these reasons, the Court will dismiss the Complaint for failure to comply with Rule 8 and for failure to state a cognizable, plausible claim. *See Huczko*, 810 F. App'x at 83-84 (affirming dismissal of second amended complaint under Rule 8 where it "spanned over 800 numbered paragraphs," contained "an inauspicious seven-page table of contents," and continued to suffer from redundancy and other deficiencies); *Ouaziz v. City of Jersey City*, No. 22-3385, 2023 WL 7001846, at *3 (3d Cir. Oct. 24, 2023) (affirming dismissal of complaint that was 108 pages and 620 separately-numbered paragraphs that were "unnecessarily complicated and verbose" because it violated Rule 8(d)(1) in that it "fail[ed] to provide a clear narrative of either the factual or legal basis for Plaintiff's claims"); *Brejcak v. County of Bucks*, No. 03-4688, 2004 WL 377675, at *3 (E.D. Pa.

---

[8] Further, there are substantive defects in some of the claims it appears Plaintiffs are attempting to bring. As previously noted, there is no private right of action under HIPAA, *see Petoff v. Delmonico*, No. 24-2933, 2025 WL 2986371, at *2 (3d Cir. Oct. 23, 2025) (*per curiam*) ("HIPAA does not provide a private right of action." (citing *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021) (noting that "[e]very circuit to consider whether HIPAA created a private *right* to sue has found that it does not," and citing cases from the Second, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits (emphasis in original))). Nor is there a private cause of action based on a State's alleged failure to comply with Medicaid requirements. *See Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 369 (2025) ("Though it is rare enough for any statute to confer an enforceable right, spending-power statutes like Medicaid are especially unlikely to do so."); *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 332 (2015) ("[T]he modern jurisprudence permitting intended beneficiaries to sue does not generally apply to contracts between a private party and the government—much less to contracts between two governments." (citations omitted)). Additionally, "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). In sum much of what Plaintiffs appear to be complaining about does not translate into a civil cause of action upon which they could proceed.

Jan. 28, 2004) ("While there is no precise algorithm that answers at what length a complaint becomes objectionable, it is reasonable to conclude that 216 separate paragraphs are excessive under notice pleading, which the Federal Rules require.").

## IV. CONCLUSION

For the foregoing reasons, the Amended Complaint is dismissed. Since Plaintiffs were previously given clear guidance when the Court screened their initial Complaint, and chose to ignore that guidance, the Court concludes that further amendment would be futile. *See*s *Okogun v. Trs. of Princeton Univ.*, No. 23-2402, 2024 WL 1427585, at *2 (3d Cir. Apr. 3, 2024) (*per curiam*) (concluding that "'a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint,' especially after a litigant has been given an opportunity 'to better tailor [his] pleading'" (quoting *Garrett*, 938 F.3d at 93)); *Testa v. Internal Revenue Serv.*, No. 22-3382, 2023 WL 8271966, at *2 (3d Cir. Nov. 30, 2023) (*per curiam*) (finding dismissal without further leave to amend appropriate where, "[i]n dismissing his original complaint without prejudice to amendment, the District Court gave Testa extensive instructions on compliance with Rule 8. Testa then added more than three hundred pages to his amended complaint"); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (district court may dismiss a "prolix complaint" without leave to amend "where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible"). A separate final order consistent with the findings herein will be filed dismissing this case. *See* Fed. R. Civ. P. 58.

*NITZA I. QUIÑONES ALEJANDRO, J.*